IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES BOLAND, HENRY KRAMER, GERARD SCARANO, TIMOTHY DRISCOLL, GERALD O'MALLEY, EUGENE GEORGE, ROBERT HOOVER, MATTHEW AQUILINE, GREGORY R. HESS, WILLIAM MCCONNELL, JOHN TRENDELL, and FRED KINATEDER as Trustees of, and on behalf of, the BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND<br>    620 F Street, N.W.<br>    Washington, DC  20004<br>    (202) 783-3788,<br><br>    and<br><br>JAMES BOLAND, HENRY KRAMER, GERARD SCARANO, TIMOTHY DRISCOLL, TED CHAMP, EUGENE GEORGE, MATTHEW AQUILINE, FRED KINATEDER, GREGORY HESS, ROBERT HOVER, and PAUL NYSEWANDER, as Trustees of, and on behalf of, the<br>BRICKLAYERS & ALLIED CRAFTWORKERS INTERNATIONAL HEALTH FUND<br>    620 F Street, N.W.<br>    Washington, DC  20004<br>    (202) 783-3788<br><br>    and<br><br>JIM ALLEN, MATTHEW AQUILINE, JAMES BOLAND, DON BROWN, TED CHAMP, BRUCE DEXTER, TIMOTHY DRISCOLL, EUGENE GEORGE, GREGORY R. HESS, ROBERT HOOVER, FRED KINATEDER, MARK KING, HENRY KRAMER, KEN KUDELA, DAN KWIATKOWSKI, WILLIAM MCCONNELL, TIM MILLER, JIM O'CONNOR, CHARLES RASO, MARK ROSE, KEVIN RYAN, GERARD SCARANO, MICHAEL SCHMERBECK, JOSEPH SPERANZA, JEREMIAH SULLIVAN, JR., RICHARD TOLSON, and JOHN TRENDELL,<br>as Trustees of, and on behalf of, the<br>INTERNATIONAL MASONRY INSTITUTE<br>    The James Brice House<br>    42 East Street<br>    Annapolis, MD  21401 | Civil Action No: |

DSMDB-3266069 v1

|  |  |
|---|---|
| (410) 280-1305, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CORBELL MASONRY, INC. | ) |
| Serve: Jeffrey Glen Corbell, Agent for Service of Process | ) |
| 6365 Washington Blvd. | ) |
| Beaumont, TX  77707-3410, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiffs, by their attorneys, DICKSTEIN SHAPIRO LLP, complaining of the Defendant, allege as follows:

### CAUSE OF ACTION
### Jurisdiction and Venue

1. This is an action brought by the fiduciaries of the Bricklayers & Trowel Trades International Pension Fund ("IPF" or "Fund"), the fiduciaries of the Bricklayers and Allied Craftworkers International Health Fund ("IHF"), and the fiduciaries of the International Masonry Institute ("IMI") to enforce the terms of the Plan and Trust Agreement adopted by the IPF, IHF, and IMI, and the provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). This action arises under the laws of the United States, specifically Sections 502(a)(3), 502(g)(2), and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(g)(2), 1145. Pursuant to Sections 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), jurisdiction is therefore conferred on this Court as to the claims brought on behalf of the IPF, IHF, and IMI.

DSMDB-3266069 v1

2. The IPF and IHF are administered in the District of Columbia, and the IMI is partly administered and managed in the District of Columbia. Venue for the claims asserted in this lawsuit is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), which provides:

> (2) Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

**Parties**

3. Plaintiffs, James Boland, Henry Kramer, Gerard Scarano, Timothy Driscoll, Gerald O'Malley, Eugene George, Robert Hoover, Matthew Aquiline, Gregory R. Hess, William McConnell, John Trendell, and Fred Kinateder are Trustees of, and sue on behalf of, the IPF. The IPF is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The IPF trustees, in their respective capacities as fiduciaries, bring this action on behalf of, and for the benefit of, the beneficiaries of the IPF.

4. Plaintiffs, James Boland, Henry Kramer, Gerard Scarano, Timothy Driscoll, Ted Champ, Eugene George, Matthew Aquiline, Fred Kinateder, Gregory R. Hess, Robert Hoover, and Paul Nysewander are Trustees of, and sue on behalf of, the IHF. The IHF is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The IHF trustees, in their respective capacities as fiduciaries, bring this action on behalf of, and for the benefit of, the beneficiaries of the IHF.

5. Plaintiffs, Jim Allen, Matthew Aquiline, James Boland, Don Brown, Ted Champ, Bruce Dexter, Timothy Driscoll, Eugene George, Gregory R. Hess, Robert Hoover, Fred Kinateder, Mark King, Henry Kramer, Ken Kudela, Dan Kwiatkowski, William McConnell, Tom Miller, Jim O'Connor, Charles Raso, Mark Rose, Kevin Ryan, Gerard Scarano, Michael Schmerbeck, Joseph Speranza, Jeremiah Sullivan, Jr., Richard Tolson, and John Trendell, are Trustees of, and sue on behalf of, the IMI. The IMI is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The IMI trustees, in their respective capacities as fiduciaries, bring this action on behalf of, and for the benefit of, the beneficiaries of the IMI.

6. Defendant Corbell Masonry, Inc. ("Corbell Masonry") is, and at all times hereinafter mentioned was, a company maintaining offices and conducting business in the state of Texas.

7. Defendant employs or has employed members of the International Union of Bricklayers and Allied Craftworkers and its affiliated local unions ("Union").

**Violation Charged**

8. Corbell Masonry, acting through its authorized agents, representatives, or officers, is bound by execution, consent, or conduct to collective bargaining agreements with the Union, including the agreement annexed hereto as Exhibit A, which is hereinafter referred to as the "Agreement."

9. Pursuant to the Agreement, Defendant agreed to make certain payments to the IPF, IHF, and IMI for each hour of covered work it performed.

10.     Having submitted some contributions, Corbell Masonry has demonstrated an awareness of the obligation to make those payments.

11.     Defendant has failed to submit either required reports or contributions relating to work performed during the month June 2014. Thus, Plaintiffs have been required to estimate the amount of contributions due for work performed by Defendant during this time period.

12.     The total amount of estimated contributions due to Plaintiffs by Defendant for work performed during the month of June 2014 is $10,421.45.

13.     Under the terms of the Plan and Trust Agreements adopted by the IPF, IHF, and IMI, the Collection Procedures of the Central Collection Unit ("CCU") of the Bricklayers and Allied Craftworkers ("CCU Collection Procedures"), and ERISA, interest in the amount of $52.72 calculated at the rate of 15 percent per annum from the Due Date of each payment through July 31, 2014, and liquidated damages in the amount of $1,603.30, calculated at 20 percent of delinquent contributions, have been assessed on the estimated delinquent contributions due the IPF, IHF, and IMI relating to work performed during month of June 2014.

14.     In addition, Defendant has been repeatedly late in submitting reports and contributions to the IPF, IHF, and IMI. This chronic tardiness is particularly problematic in the case of contributions payable to the IHF, since Defendant's employees may risk losing crucial health coverage when Defendant fails to pay fringe benefit contributions into the IHF by the Due Date.

15.     Pursuant to ERISA and the Special Collection Procedures for IHF ("IHF Collection Procedures"), Defendant has been assessed a total of $5,829.50 in liquidated damages,

calculated at the rate of 20 percent of IHF contributions paid after the Due Date, relating to covered work performed during the months of January, February and March 2014.

16. Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1). Plaintiffs have been, and are, incurring additional attorney's fees as a direct result of Defendant's failure to make contributions in accordance with the terms and conditions of the Agreements.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For a total amount due of $18,306.97, which is constituted as follows:

   a. For estimated delinquent contributions in the amount of $10,421.45 due the IPF, IHF, and IMI plus any and all additional amounts that accrue and/or are found to be due and owing through the date of judgment (ERISA Section 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A); CCU Collection Procedures);

   b. for interest in the amount of $52.72 (calculated at the rate of 15 percent per annum from the Due Date of each payment through July 31, 2014) assessed on the estimated delinquent contributions due the IPF, IHF, and IMI (ERISA Section 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B); CCU Collection Procedures);

   c. for liquidated damages in the amount of $7,432.80 (calculated at the rate of 20 percent of the delinquent contributions) assessed on estimated delinquent contributions due the IPF, IHF, and IMI, and on contributions paid after the Due Date to the IHF (ERISA Section 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C); CCU Collection Procedures; IHF Collection Procedures);

   d. for the costs of filing this action in the amount of $400.00 (ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D)); and

   e. in the amount of Five Thousand Dollars ($5,000.00), and such additional amounts as may be incurred, representing attorney's fees and costs incurred in this action (ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D)).

  2. That Defendant be directed to comply with its obligations to correctly report and to contribute to the IPF, IHF, and IMI all additional reports and contributions due and owing, and to pay the costs and disbursements of this action.

  3. Such other relief as this Court deems appropriate, including judgment for any additional contributions, liquidated damages, and/or interest thereon that may accrue and/or are found to be due and owing subsequent to the filing of this Complaint, as well as any resulting statutory damages thereon under ERISA.

Dated: July _____, 2014   By: _____
              Charles V. Mehler III, DC Bar No. 475909
              DICKSTEIN SHAPIRO LLP
              1825 Eye Street NW
              Washington, DC  20006
              (202) 420-2200
              *Attorneys for Plaintiffs*